## UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF FLORIDA

RUGGED CROSS HUNTING
BLINDS, LLC,

    Plaintiff,

v.

GOOD SPORTSMAN'S MARKETING,
LLC, HADLEY DEVELOPMENT, LLC,
And TRU-VIEW, LLC,

    Defendants.
_____/

CASE NO.:

JURY TRIAL DEMANDED

## COMPLAINT FOR PATENT INFRINGEMENT

Rugged Cross Hunting Blinds, LLC (hereinafter "RCHB" or "Plaintiff"), by and through its undersigned attorneys, hereby files this Complaint for direct patent infringement against Good Sportsman's Marketing, LLC (hereinafter "GSM") and Hadley Development LLC (hereinafter "Hadley") and indirect patent infringement against Hadley and Tru-View LLC (hereinafter "Tru-View") (GSM, Hadley and Tru-View may be collectively referred to as the "Defendants"), and alleges as follows:

## NATURE OF THE ACTION

1. This is a patent infringement action to stop Hadley's and Tru-View's willful direct and indirect infringement of Plaintiff's United States Patent No.

1

11,399,535 entitled "Camouflage Material, for a Hunting Blind" (hereinafter the "'535' Patent").

## PARTIES

2. Plaintiff, RCHB, is a limited liability company organized and existing under the laws of the State of Florida. RCHB maintains its principal place of business at 15206 Tilwood Place, Tampa, Florida 33618.

3. Defendant, GSM, is a limited liability company organized and existing under the laws of the state of Texas. GSM has an address of 5250 Frye Road, Irving, Texas 75061. GSM sells, advertises, and markets products for outdoor and recreation nationwide through major retailers such as Amazon, Academy Sports and Outdoors, Bass Pro Shops, Cabela's, Dick's Sporting Goods, Home Depot, MidwayUSA, Range USA, Sam's Club, Sportco, Sportsman's and Walmart among others as well as through its own websites (https://www.walkersgameear.com). This action relates to GSM selling and offering for sale two brands of ground hunting blinds, including its Muddy and Ameristep blinds.

4. Defendant, Hadley, is a limited liability company organized and existing under the laws of the state of Kansas and registered to do business in the State of Kansas. Hadley maintains a place of business located at 3629 North Hydraulic Street, Wichita Kansas.

5. Hadley manufactures and sells a variety of products for GSM, including but not limited to the Muddy blinds.  Hadley has agreed to indemnify and defend GSM with respect to RCHB's claim for patent infringement at least as GSM's sales of the Muddy blinds.

6. Defendant, Tru-View, is a limited liability company organized and existing under the laws of the state of Kansas and registered to do business in the State of Kansas.  Tru-View maintains a place of business located at 3629 North Hydraulic Street, Wichita Kansas.

7. Tru-View shares common ownership with Hadley and/or Hadley owns Tru-View.  Tru-View has licensed GSM to sell the Muddy blinds and has agreed to indemnify and defend GSM with respect to RCHB'S claim for patent infringement at least as to the Muddy blinds.

## JURISDICTION AND VENUE

8. This case arises under the Patent Laws of the United States, 35 U.S.C. § 1 *et seq.*, including 35 U.S.C. §§ 271, 281, 283, 284, and 285.

9. As this action relates to patent infringement, this Court has original subject matter jurisdiction over this action under 28 U.S.C. §1331 and under 28 U.S.C. §1338(a).

10. This Court has personal jurisdiction over the Defendants, GSM, Hadley and Tru-View under Florida's long-arm statute, Fla. Stat. § 48.193and is consistent with due process.  Specifically, this cause of action arises from the Defendants

operating, conducting, engaging in, or carrying on business in the State of Florida pursuant to Florida Statute §48.193(1)(a)(1).  This action also arises from Defendants committing a tort in Florida through the sale of infringing products into the state of Florida and injuring Plaintiff, a Florida limited liability company in Florida pursuant to Florida Statute §48.193(1)(a)(2).  This action further arises from Defendants, Hadley and Tru-View agreement to indemnify and defend GSM and third parties that sell goods in the state of Florida in violation of RCHB's rights in and to the '535 Patent.  Specifically, Hadley and Tru-View approached and contacted RCHB, on behalf of their customers including GSM, to negotiate a settlement of RCHB's claims of patent infringement against their customers, and participated in such negotiations, including entering into mutual non-disclosure agreements, which include a consent by the Defendants to Florida as to  jurisdiction and venue for any disputes arising out of the non-disclosure agreements.  Any acts of inducing infringement or direct infringement by the Defendants specifically arise out of the non-disclosure agreements such that Defendants have waived any objections to personal jurisdiction in Florida.

11.   Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1400(b), upon information and belief, the Defendants have committed acts of patent infringement in this district, or induced acts of patent infringement that have occurred in this district and, upon information and belief, the Defendants have a regular and established place of business in this district.  In addition, the Defendants have waived any and all objections to venue of this action, as referenced above at paragraph 7, as to themselves and on behalf of their customers, including GSM.

## FACTUAL BACKGROUND

12.     RCHB realleges and incorporates by reference Paragraphs 1-8 of its Complaint as if restated herein.

13.     RCHB is the owner of all rights, title, and interest in and to the '535 Patent, a copy of which is attached hereto as Exhibit A.  The '535 Patent issued on August 2, 2022, and covers ground hunting blinds with a one-way see-through mesh material.

14.     The owners of RCHB are brothers Mr. Christopher Seaton ("Chris") and Mr. Timothy Seaton ("Tim"), both of whom are first responders.  Chris is a former detective for the Hillsborough County Florida Sheriff's Department, and Tim Seaton is a firefighter for Tampa Fire Rescue in the Tampa, Florida area.

15.     In late 2015, Chris and Tim conceived of and reduced to practice the invention disclosed and claimed in the '535 Patent when they built a hunting blind for Chris's son. The hunting blind included a mesh material that was coated on one side with a camouflage print and coated with a dark color coating on another side facing an interior of the blind.  The mesh material enabled a hunter to clearly see outside the blind, while game could not see into the interior of the blind.   This mesh material is referred to herein as a "one-way see-through" mesh material.

16.     On February 29, 2016, RCHB filed a provisional patent application, U.S. Provisional Application No. 62/301,007 (hereinafter the "'007" provisional patent application) disclosing their invention.

17. On February 28, 2017, RCHB filed its first non-provisional patent application for its hunting blind with a one-see through mesh material, and which later issued as U.S. Patent No. 10,765,108 (hereinafter the "'108 Patent").

18. Later in 2017, RCHB granted Primos Hunting a license to make and sell products, including pop-up hunting blinds, that incorporated the RCHB novel one-way see-through mesh material.

19. In January 2018, Primos Hunting introduced its SURROUNDVIEW hunting blinds, including the one-way see-through mesh, which were met with rave reviews from the outdoor industry.

20. Primos' sales of hunting blinds, such as the SURROUNDVIEW blinds including the novel mesh material, were wildly successful through 2018 and into or through 2019, until other suppliers started marketing and selling hunting blinds with the claimed mesh material.

21. In response Primos Hunting's success of the SURROUNDVIEW blinds, Good Sportsman's Marketing, LLC (hereinafter "GSM") and other customers of Hadley, approached Hadley about developing a one-way see-through mesh material to copy the success of the SURROUNVIEW hunting blinds.

22. Indeed, in 2018 Hadley began the development of hunting blinds for GSM and others, which hunting blinds included a one-way see through mesh material.

23. Later that year on November 30, 2018, Tru-View was formed as a limited liability company via filings with the Kansas Secretary of State.

24. On January 11, 2019, after RCHB had filed its first patent application, after the USPTO published the RCHB application on August 31, 2017, and after Primos Hunting introduced its SURROUNDVIEW blinds 2018, Tru-View filed a patent application for Mesh Material for Flexible Structures and Methods of Fabricating Same, which issued as U.S. Patent No. 10,457,015 (hereinafter the '015 Patent) on October 29, 2019.

25. In column 3, lines 59-63, of the '015 Patent, Tru-View describes a mesh material as follows:

> This allows a hunter or other person inside a blind or other structure formed from the mesh material to <u>see things outside the structure without being easily seen by game or persons outside the structure</u> as depicted in FIG. 6.  (emphasis added).

26. In January 2019, GSM, with the design help of Hadley, introduced its MUDDY brand hunting blinds that included a one-way see-through mesh material.

27. On July 6, 2020, RCHB sent a letter to Tru-View notifying Tru-View that claims to the RCHB first patent application had been allowed and that RCHB had information that Tru-View had licensed GSM to make and sell hunting blinds with a one-way see-through mesh material.

28. On August 6, 2020, RCHB sent a letter to GSM notifying GSM that claims to the RCHB first patent application had been allowed.

29. On June 11, 2021, RCHB filed its continuation application for the '535 Patent which was issued on August 2, 2022.  The application for the '535 Patent was a continuation of the RCHB's first filed non-provisional patent application.

30. On August 29, 2022, RCHB sent a letter to GSM alleging GSM infringed one or more claims of the '535 Patent by virtue of GSM selling and offering to sell the MUDDY INFINITY and MUDDY PREVUE hunting blinds (hereinafter the "Muddy blinds").

31. On September 14, 2022, RCHB sent a letter to Tru-View alleging that Tru-View infringed at least clam 1 of the '535 by virtue of Tru-View making the MUDDY INFINITY and MUDDY PREVUE hunting blinds for GSM and selling those hunting blinds to GSM.

32. In addition, the letter referred to other companies to whom RCHB believed Tru-View was selling infringing hunting blinds, including Primos Hunting, Buck Bourbon and Tractor Supply.

33. In response to the letter referred to above in paragraph 25, on September 21, 2022, Hadley, through its attorneys, emailed RCHB's attorney and represented that Hadley was the owner of Tru-View and wanted to discuss the allegations of the letter.

34. To resolve RCHB's claims of patent infringement against Hadley's customers and a license under the '535 Patent and '108 Patent, RCHB and Hadley entered into a Mutual Non-Disclosure Agreement, which was signed on October 5, 2022, by Mr. Michael Northrup on behalf of Hadley. A copy of that agreement is attached as Exhibit B.

35. The non-disclosure agreement provides:

    **14. Governing Law and Forum**

> This Agreement, and **any disputes directly and indirectly arising from this Agreement**, shall be governed by the laws of the State of Florida, without reference to its choice of law principles. Each of the parties **irrevocably consents and submits to the exclusive jurisdiction of the state and federal courts located in Florida for any such disputes, and hereby irrevocably waives any objections to the laying of venue in such courts**. (emphasis added)

36. RCHB and Hadley did not resolve RCHB's claims for patent infringement as to the Hadley customers or Tru-View customers.

37. On December 5, 2022, RCHB filed a patent infringement lawsuit against FeraDyne Outdoors, LLC (hereinafter "FeraDyne"), (*Rugged Cross Hunting Blinds, LLC v. FeraDyne Outdoors, LLC,* Case No: 3:22-cv-690, United States District Court for the Western District of Wisconsin), alleging that FeraDyne's manufacture and sale of its Rhino 180 hunting blinds infringes one or more claims of the '535 Patent.

38. On January 27, 2023, Tru-View's attorney emailed RCHB's counsel proposing negotiations of a global settlement to address all of Tru-View's sales to its customers and as to FeraDyne.

39. In February 2023, RCHB and Tru-View entered into a Mutual Non-Disclosure Agreement, regarding the global settlement and a license under the '535 Patent and the '108 Patent. A copy of that agreement is attached as Exhibit C. Paragraph 15 of the agreement provides:

> **15. Governing Law and Forum**
>
> This Agreement and **any disputes directly and indirectly arising from this Agreement**, shall be governed by the laws of the State of

>Florida, without reference to its choice of law principles.  **Each of the parties irrevocably consents and submits to the exclusive jurisdiction of the state and federal courts located in Floria any such dispute and hereby irrevocably waives any objections to the laying of venue in such courts**. (emphasis added).

40. RCHB and Tru-View did not resolve any of RCHB's claims for patent infringement as to Tru-View's customers or FeraDyne.

41. Hadley manufactures hunting blinds for GSM, and other companies, who then resell the hunting blinds to retailers, such as Wal-Mart, Bass Pro, and Cabella's to name a few.  GSM, and other Hadley customers, also sell directly to consumers.

42. Tru-View and Hadley have agreed to defend and indemnify each of Hadley's customers, including at least GSM, Primos Hunting, Tractor Supply and Buck Bourbon for any claims that RCHB may have against these companies for infringement of the '535 Patent.

43. In addition, on information and belief, Tru-View has granted licenses to Hadley's customers to practice technologies disclosed in patents purportedly owned by Tru-View, which patents Tru-View believes cover a one-way see-through mesh material.

44. In either 2022 or 2023, GSM began selling its Ameristep hunting blinds including its Ameristep Pro Series Extreme View blinds (hereinafter the "Ameristep blinds"), the sales of which infringe one or more claims of the '535 Patent.

45. On July 12, 2023, RCHB sent a letter to GSM notifying GSM that its unauthorized sale of the Ameristep blinds infringed at least claims 1 of the '535.

46. On August 31,2023, GSM filed suit against RCHB,   (cite)  , seeking declaratory judgements as to non-infringement of the '535 Patent as to its Muddy blinds and Ameristep blinds, and invalidity of the '108 Patent and '535 Patent.

47. Hadley's and Tru-View's acts are causing, and unless restrained will continue to cause, damage and immediate irreparable harm to RCHB for which RCHB has no adequate remedy at law.

48. RCHB has retained the undersigned law firm to represent it in this action for the wrongful conduct of Hadley and Tru-View and has agreed to pay said counsel a reasonable fee for these services.

## COUNT I
## DIRECT INFRINGMENT OF U.S. PATENT NO. 11,399,535
## AGAINST GSM AS TO THE AMERISTEP BLINDS

49. Plaintiff repeats and makes a part hereof each and every allegation contained in paragraphs 1 through 48 of the Complaint as if restated herein.

50. The '535 Patent covers camouflage structures such as hunting blinds that incorporate a unique camouflage mesh material that is disclosed and claimed in the '535 Patent.

51. As detailed in the attached Claim Chart, Exhibit D, relative to claim 1 of the '535 Patent, GSM manufactures, promotes, advertises, imports, offers for sale, and/or sells within the United States and/or imports the Ameristep blinds

directly infringing at least Claim 1 of the '535 Patent either literally or through the doctrine of equivalents, in violation of 35 U.S.C. § 271(a).

52. GSM's aforesaid activities have been without authority and/or license from R3HB and are considered intentional and willful.

51. RCHB is entitled to recover from GSM the damages sustained by RCHB as a result of GSM's wrongful acts in an amount subject to proof at trial, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

54. GSM had actual notice of the '535 Patent at least as early as August 29, 2022, and GSM's infringement of RCHB's exclusive rights under the '535 Patent will continue to damage RCHB, causing irreparable harm for which there is no adequate remedy at law, unless enjoined by this Court.

## COUNT II
## DIRECT INFRINGEMENT OF U.S. PATENT NO. 11,399,535 AGAINST GSM AS TO THE MUDDY BLINDS

55. Plaintiff repeats and makes a part hereof each and every allegation contained in paragraphs 1 through 48 of the Complaint as if restated herein.

56. The '535 Patent covers camouflage structures such as hunting blinds that incorporate a unique camouflage mesh material that is disclosed and claimed in the '535 Patent.

57. As detailed in the attached Claim Chart, Exhibit E, relative to claim 1 of the '535 Patent, GSM manufactures, promotes, advertises, imports, offers for sale, and/or sells within the United States and/or imports the Muddy blinds directly infringing at least Claim 1 of the '535 Patent either literally or through the doctrine of equivalents, in violation of 35 U.S.C. § 271(a).

58. GSM's aforesaid activities have been without authority and/or license from RCHB and are considered intentional and willful.

59. RCHB is entitled to recover from GSM the damages sustained by RCHB as a result of GSM's wrongful acts in an amount subject to proof at trial, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

60. GSM had actual notice of the '535 Patent at least as early as August 25, 2022, and GSM's infringement of RCHB's exclusive rights under the '535 Patent will continue to damage RCHB, causing irreparable harm for which there is no adequate remedy at law, unless enjoined by this Court.

## COUNT III
## DIRECT PATENT INFRINGEMENT OF
## U.S. PATENT NO. 11,399,535 AGAINST HADLEY

61. Plaintiff repeats and makes a part hereof each and every allegation contained in paragraphs 1 through 48 of the Complaint as if restated herein.

62. The '535 Patent covers camouflage structures such as hunting blinds that incorporate a unique camouflage mesh material that is disclosed and claimed in the '535 Patent.

63. Hadley manufactures and sells hunting blinds for different customers, including, but not limited to, the MUDDY INFINITY and PREVUE blinds for GSM, which acts constitute direct infringement of one or more claims of the '535 Patent.

64. As detailed in the attached Claim Chart, Exhibit E, relative to claim 1 of the '535 Patent, Hadley's manufacturing, selling, offering for sale, or importing, the GSM hunting blinds within the United States directly infringes at least Claim 1 of the '535 Patent either literally or through the doctrine of equivalents, in violation of 35 U.S.C. § 271(a).

65. Hadley's aforesaid activities have been without authority and/or license from RCHB and are considered intentional and willful.

66. RCHB is entitled to recover from Hadley the damages sustained by RCHB as a result of Hadley's wrongful acts in an amount subject to proof at trial, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

67. Hadley had actual notice of the '535 Patent at least as early as August 25, 2022, and Hadley's infringement of RCHB's exclusive rights under the '535 Patent will continue to damage RCHB, causing irreparable harm for which there is no adequate remedy at law, unless enjoined by this Court.

## COUNT IV
## INDIRECT PATENT INFRINGEMENT OF U.S. PATENT NO. 11,399,535 AGAINST HADLEY

68. Plaintiff repeats and makes a part hereof each and every allegation contained in paragraphs 1 through 48 of the Complaint as if restated herein.

69. The '535 Patent covers camouflage structures such as hunting blinds that incorporate a unique camouflage mesh material that is disclosed and claimed in the '535 Patent.

70. At least as early as August 29, 2022, Hadley was aware of the '535 Patent and that the that GSM's selling, offering for selling, manufacturing or importing of the Muddy blinds directly infringed one or more claims of the '535 Patent.

71. After receiving notice of RCHB's claim infringement, actively induced GSM's direct infringement of one or more claims of the '535 Patent by virtue of Hadley manufacturing and then selling the Muddy blinds for resale by GSM.

72. In addition, Hadley actively induced GSM's direct infringement of one or more claims of the '535 Patent by Hadley agreeing to indemnify and defend GSM against RCHB's claims of direct infringement knowing of RCHB's claim that the GSM actions directly infringed one or more claims of the '535 Patent.

73. Hadley's active inducement resulted in direct infringement of one or more claims of the '535 Patent by GSM importing and/or selling, and continuing to sell and import, the GSM blinds in violation of 35 U.S.C. §271(b).

## COUNT V
## INDIRECT PATENT INFRINGEMENT OF U.S. PATENT NO. 11,399,535 AGAINST TRU-VIEW

74. Plaintiff repeats and makes a part hereof each and every allegation contained in paragraphs 1 through 48 of the Complaint as if restated herein.

75. The '535 Patent covers camouflage structures such as hunting blinds that incorporate a unique camouflage mesh material that is disclosed and claimed in the '535 Patent.

76. At least as early as August 29, 2022, Tru-View was aware of the '535 Patent and that GSM's selling, offering for selling, manufacturing or importing of the GSM blinds directly infringed one or more claims of the '535 Patent.

77. After receiving notice of RCHB's claim infringement, Tru-View actively induced GSM's direct infringement of one or more claims of the '535 Patent by virtue of Tru-View agreeing to defend and indemnify GSM against RCHB's claims of direct infringement knowing of RCHB's claim that the GSM actions directly infringed one or more claims of the '535 Patent.

78. Tru-View's's active inducement resulted in direct infringement of one or more claims of the '535 Patent by GSM importing and/or selling, and continuing to sell and import, the GSM blinds in violation of 35 U.S.C. §271(b).

## JURY DEMAND

Plaintiff hereby requests a trial by jury on all issues so triable pursuant to Rule 38 of the Federal Rules of Civil Procedure.

## **PRAYER FOR RELIEF**

Plaintiff, RCHB respectfully requests that the Court find in its favor and against Hadley and Tru-View and that the Court grant RCHB the following relief:

A.     An adjudication that RCHB's rights in the '535 Patent are valid and enforceable;

B.     An adjudication that one or more claims of the '535 Patent has been infringed, either literally and/or under the doctrine of equivalents, by Hadley;

C.     An adjudication that Hadley and/or Tru-View have actively induced GSM's direct infringement of the '535 Patent;

D.     An award to RCHB of damages adequate to compensate RCHB for the Defendants' acts of infringement, together with pre-judgment and post-judgment interest;

E.     A grant of a permanent injunction pursuant to 35 U.S.C. §283 enjoining the Defendants, their agents, employees, officers, attorneys, successors, assigns, and all persons in active concert or participation with it from further acts of infringement of the '535 Patent and from making, using, offering or sale or selling any hunting blinds, including, but not limited to, the GSM blinds, that infringe one or more of the claims of the '535 Patent either literally or under the doctrine of equivalents;

F.     That this Court declare this to be an exceptional case and award Plaintiff its reasonable attorneys' fees and costs in accordance with 35 U.S.C. §285;

G.    Any further relief that this Court deems just and proper.

DATED this 9th day of October, 2023.

        Respectfully submitted,

        Wolter Van Dyke Davis PLLC
        1900 Summit Tower Blvd, Suite 140
        Orlando, Florida  32810
        Telephone: (407) 926-7706
        Facsimile: (407) 926-7720
        E-mail: adavis@savvyiplaw.com
        E-mail: rwolter@savvyiplaw.com
        *Attorneys for Plaintiff,*
        *Rugged Cross Hunting Blinds, LLC*

        /s/ Robert L. Wolter
        Robert L. Wolter
        Florida Bar No:  906344
        Amber N. Davis
        Florida Bar No:  0026628